UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHRISTOPHER REED, | No. 2:21-cv-01402 GGH P |
| Petitioner, | |
| v. | ORDER |
| DANIEL CUEVA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises four grounds in his present federal habeas petition. Petitioner alleges the following claims: (1) the trial court's jury instructions lowered the prosecution's burden of proof; (2) the conviction was obtained in violation of petitioner's privilege against self-incrimination; (3) the prosecution failed to disclose favorable evidence to the defendant; and (4) the trial court failed to exonerate defendant based on a lack of evidence. Petitioner admits grounds two, three and four are unexhausted. ECF No. 1 at 6. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims. A mixed petition cannot be adjudicated on its merits but should be dismissed for failure to fully exhaust. Rose, supra, 455 U.S. at 522.

////

Although a district court must dismiss a habeas petition containing both unexhausted and exhausted claims, petitioner may cure his failure to fully exhaust his habeas petition in three alternative ways:

    1. Petitioner may amend the petition to delete the unexhausted claims and proceed with his exhausted claim only[2];

    2. Petitioner may ask the court to stay the action pursuant to Rhines v. Weber, 544 U.S. 269 in order to exhaust his claims; or

    3. Petitioner may ask the court to stay the action pursuant to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) in order to exhaust his claims.

Petitioner should take the foregoing principles into consideration if he seeks to file a motion to stay. A motion for stay and abeyance pursuant to Rhines v. Weber is available so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, 544 U.S. at 277-78.

In the alternative, petitioner may request a stay pursuant to King v. Ryan. In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small. See King, 564 F.3d at 1135. Pursuant to the King/Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims, he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070–71. The King/Kelly stay and abeyance procedure does not require a showing of good cause or that the claims be potentially meritorious. However, unlike a Rhines stay, *the King/Kelly procedure does not itself toll the statute of limitations for the unexhausted claims*. If the claims are not timely pursuant to the one-year state of limitations set forth in 28 U.S.C. § 2244(d), including relation-back to an exhausted claim, or statutorily or equitably tolled if otherwise untimely, petitioner's King/Kelly stay may create a fruitless result.

Nevertheless, due to the petitioner's current mixed petition, petitioner will be granted thirty days to inform the court which procedure he desires to follow. Petitioner is reminded that a request for a stay must include satisfaction of the corresponding prerequisites set forth above. Petitioner is warned that failure to choose or satisfy the necessary prerequisites for a request of a stay, will result in a recommendation that this petition be dismissed for failure to exhaust state court remedies.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner shall inform the court, within thirty days from the date of this order, whether he will move to withdraw his unexhausted claims and proceed with his exhausted claims only, or, in the alternative whether he shall seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) or King v. Ryan, 564 F.3d 1133 (9th Cir. 2009); and

3. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state court remedies.

Dated: August 30, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE