1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES C. REED,                          No.  2:21-cv-1402 WBS DB P

12                  Petitioner,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   DANIEL CUEVA,

15                  Respondent.

16

17        Petitioner, a state prisoner proceeding without counsel, filed a petition for a writ of habeas

18   corpus under 28 U.S.C. § 2254. Petitioner seeks relief pertaining to his 2017 arson conviction in

19   the Sacramento County Superior Court. (ECF No. 1.) Respondent has moved to dismiss the

20   petition as untimely. (ECF No. 14.) The undersigned agrees the petition is untimely and

21   recommends the court grant the motion to dismiss.

22   **I.    Procedural Background**

23        On September 21, 2017, a jury convicted petitioner of arson of a structure and forest land.

24   (Lodged Documents, ("Lod. Doc.") 1, ECF No. 15-1.) The Sacramento County Superior Court

25   sentenced petitioner to a determinate state prison term of ten years. (Lodged Documents, ECF No.

26   15 (Lod. Doc. 2, ECF No. 15-2.) On February 26, 2019, the California Court of Appeal affirmed

27   the judgment. (Id.) The California Supreme Court denied review on May 15, 2019. (Lod. Doc. 4,

28   ECF No. 15-4.)

                                                  1

1    On August 20, 2019, petitioner constructively filed[1] a petition for writ of habeas corpus in

2    the California Supreme Court. (Lod. Doc. 5, ECF No. 15-5.) The petition was denied on

3    November 13, 2019. (Lod. Doc. 6, ECF No. 15-6.)

4    On January 23, 2020, petitioner filed the first of two petitions for writ of habeas corpus in

5    the Sacramento County Superior Court. (Lod. Doc. 7, ECF No. 15-7.) The first petition in the

6    superior court was denied on May 13, 2020. (Lod. Doc. 8, ECF No. 15-8.)

7    On September 28, 2021, petitioner filed the second of two petitions in the superior court.

8    (Lod. Doc. 9, ECF No. 15-9.) The second petition in the superior court was denied as successive

9    and untimely on October 29, 2021. (Lod. Doc. 10, ECF No. 15-10.)

10   Petitioner constructively filed the instant federal habeas petition on June 23, 2021,

11   asserting the following four grounds for relief: (1) the trial court's comments or jury instructions

12   lowered the prosecution's burden of proof; (2) the conviction was obtained in violation of

13   petitioner's privilege against self-incrimination; (3) the prosecution failed to disclose favorable

14   evidence to the defendant; and (4) the trial court failed to exonerate defendant based on a lack of

15   evidence. (See generally, ECF No. 1.) On August 30, 2021, the magistrate judge previously

16   assigned to this case screened the petition and found the petition's allegations had admitted that

17   grounds two, three and four were unexhausted, and thus that it was a mixed petition containing

18   both exhausted and unexhausted claims. (ECF No. 4 at 2.) Petitioner was directed to inform the

19   court whether he would move to withdraw his unexhausted grounds and proceed only with his

20   exhausted ground, or whether he would seek a stay to attempt to exhaust additional grounds. (Id.

21   at 4.) See Rose v. Lundy, 455 U.S. 509 (1982) (a federal district court may not entertain a petition

22   for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the

23   claims raised).

24

25   [1] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time... [it is] delivered... to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman,

26   764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). The mailbox rule applies to both federal

27   and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Here, the mailbox rule applies to all petitions discussed herein; the date of constructive filing is the date on

28   which the petition was signed.

On September 17, 2021, petitioner requested to amend the federal petition to proceed only on ground one, the ground alleged to be exhausted. (ECF No. 6.) On January 7, 2022, the undersigned granted plaintiff's request to amend. (ECF No. 8.) Thereafter, this case proceeded on ground one of the federal petition, that the trial court's comments or jury instructions lowered the prosecution's burden of proof.[2] (See Id.)

Respondent moved to dismiss the petition as untimely on March 9, 2022. Petitioner filed an opposition to the motion to dismiss on May 12, 2022. (ECF No. 17.)

**II.    Legal Standards for Motion to Dismiss**

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must summarily dismiss a petition for writ of habeas corpus if it "plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." 28 U.S.C. § 2254 Habeas Rules, Rule 4. A court should not dismiss a petition for habeas corpus without leave to amend unless it appears no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**III.   Timeliness**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas

---

[2] In support of the motion to dismiss, respondent electronically lodged documents including petitioner's state court habeas petitions and the state court orders denying those petitions. (See ECF No. 15.) Petitioner's exhausted grounds are those that were presented to the California Supreme Court and considered and rejected by the California Supreme Court. (See 28 U.S.C. § 2254(b)(1); Picard v. Connor, 404 U.S. 270, 276 (1971).) Notably, ground one of the federal petition, that the trial court's jury comments or instructions lowered the prosecution's burden of proof, does not appear to have been presented to the California Supreme Court even though the federal petition indicated it was the exhausted ground. (See generally, ECF No. 15-5 [habeas petition to the California Supreme Court]; ECF No. 1 at 6 [federal petition's allegations regarding previously filed habeas petitions].) On the other hand, ground four of the original federal petition, a ground dropped by plaintiff's amendment (see ECF Nos. 4, 6, 8), was presented to the California Supreme Court and appears to be exhausted. (See generally ECF No. 15-5 at 3 [habeas petition to the California Supreme Court setting forth claim that the trial court's "actions and [responsibilities] were improper not exonerating me]; compare ECF No. 1 at 6 [ground four of the federal petition claiming "trial court failed to exonerate me"].) Thus, it appears petitioner is not currently proceeding on his exhausted ground for relief. Nevertheless, amending the petition again would be futile because the petition was untimely filed and must be dismissed.

1    corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v.</u>

2    <u>Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the

3    enactment of AEDPA and is therefore governed by its provisions.

4         AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

5    petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

6         (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus

7    by a person in custody pursuant to the judgment of a State court. The limitation period shall run

8    from the latest of –

9
10
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

11
12
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

13
14
15
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

16
17
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

18
19
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

20   28 U.S.C. § 2244(d).

21   **A.  Commencement of the Limitation Period**

22        In most cases, the limitation period begins running on the date the petitioner's direct

23   review became final or on the date time expired to seek such review. Here, the judgment became

24   final on August 13, 2019, when the ninety-day period to file a petition for writ of certiorari in the

25   United States Supreme Court expired. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).

26   The one-year limitation period commenced running the following day, August 14, 2019. <u>See</u>

27   <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Absent

28   tolling, the one-year limitation period was set to expire on August 13, 2020.

4

**B.  Statutory Tolling**

Petitioner filed three post-conviction collateral challenges in the California state courts, first in the California Supreme Court, and then in the Superior Court for the County of Sacramento. Petitioner bears the burden of proving the statute of limitation was tolled while his habeas petitions were pending in the state courts. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002), abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

**1.  Tolling for First Petition**

The first petition was constructively filed in the California Supreme Court on August 20, 2019, six days after the limitation clock started running on August 14, 2019. The limitation clock was not tolled during these first six days because no state collateral action was "pending" during this time. See 28 U.S.C. § 2244(d)(2); Lawrence v. Fla., 549 U.S. 327, 330 (2007). Once the petition was filed, petitioner became entitled to tolling from August 20, 2019, through November 13, 2019. See Pace, 544 U.S. at 410; 28 U.S.C. § 2244(d)(2) (limitation period is tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

**2.  No Interval Tolling**

The statute of limitations is tolled for the entire period of time during which a "round" of habeas review is pending. Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010) (citing Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). This includes the intervals between dispositions of state collateral actions and the filing of a subsequent collateral action at the next higher state appellate level, so long as the filing is timely under California law. See Evans v. Chavis, 546 U.S. 189, 191 (2006); Carey v. Saffold, 536 U.S. 214, 219-20 (2002). A "round" of habeas review is completed when the California Supreme Court's denial of relief becomes final. Biggs, 339 F.3d at 1048. Periods between different rounds of collateral attack are not tolled. Banjo, 614 F.3d at 968.

Here, petitioner's filing of the first state petition directly to the California Supreme Court exhausted the claims presented therein which the California Supreme Court considered and rejected. See Biggs, 339 F.3d at 1048. The California Supreme Court's decision completed the first round of habeas review on November 13, 2019. See Biggs, 339 F.3d at 1048; Cal. R. Ct.

8.532(a)(2)(c) (denial of a petition for writ within the original jurisdiction of the California Supreme Court's is final on the date of filing).

Petitioner then began a new round of review by filing a habeas petition in the Sacramento County Superior Court. See Banjo, 614 F.3d at 968-69. Petitioner is not entitled to interval tolling for the time between the denial of the first state habeas petition and filing of the second state habeas petition, because petitioner was not working his way "up the ladder" to "complete[ ] a full round of collateral review." Biggs, 339 F.3d at 1048. Thus, the limitation clock ran for 70 days between December 14, 2019, and January 23, 2020, the date of constructive filing of the second petition. At the end of that period, 76 days of the limitation period had expired.

### 3. Tolling for Second Petition

Though it constituted a new round of habeas review, the second petition was properly filed. Petitioner is entitled to tolling during the pendency of his second state petition for the period of January 23, 2020, through May 13, 2020. See 28 U.S.C. § 2244(d)(2); Pace, 544 U.S. at 410.

### 4. Expiration of the Limitation Clock

The second state petition was denied on May 13, 2020, after which the limitation clock started to run again. Having already run for 76 days, the limitation clock ran for the remaining 289 days of the one-year period until it expired prior to the filing of the third state habeas petition which was denied as successive and untimely[3] and prior to the filing of the federal petition. The last day on which petitioner could have timely filed a federal petition was February 26, 2021. Because petitioner did not constructively file his federal petition until June 23, 2021, he exceeded the one-year limitation period allowed under § 2244(d) by more than three months. Accordingly, the instant federal petition is untimely unless petitioner establishes that equitable tolling is warranted.

////

---

[3] The filing of the third petition after the expiration of the limitation period had no tolling consequence. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); see also Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (petition denied as untimely is not properly filed and cannot toll the limitation period).

6

**C.  No Equitable Tolling**

The one-year statutory limitations period is intended to protect the federal judicial system from having to address stale claims. Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. See Id. A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. See Holland v. Florida, 560 U.S. 631, 634, 648 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. Pace, 544 U.S. at 418. Here, petitioner does not allege any facts or arguments in support of equitable tolling and no facts appear in support of equitable tolling.

**IV.  Recommendation**

In accordance with the above, IT IS RECOMMENDED:

1.  Respondent's motion to dismiss (ECF No. 14) be GRANTED; and

2.  The petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In any objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed

within fourteen (14) days after service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 9, 2022

DLB7
reed1402.mtd

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

8